| | |
|---|---|
| DISTRICT COURT, COUNTY OF BOULDER, STATE OF COLORADO<br>1777 Sixth St<br>Boulder CO 80302 | DATE FILED: August 25, 2023 12:30 PM<br>FILING ID: 35EC6FFA56819<br>CASE NUMBER: 2023CV30603 |
| Plaintiff:   **KYLE BAUMANN,**<br><br>v.<br><br>Defendant:   **STATE FARM INSURANCE COMPANY ("STATE FARM"), a Foreign Corporation.** | ▲ COURT USE ONLY ▲ |
| **Attorney for Plaintiff:**<br>Alan G. Molk, #10988<br>Law Firm of Alan G. Molk, P.C.<br>6025 So. Quebec St., Suite 100<br>Centennial, CO 80111<br>Phone:   303-290-8808<br>Fax:       720-551-7724<br>amolk@molklaw.com | Case Number:<br><br>Div.:           Ctrm.: |
| **COMPLAINT** | |

COMES NOW the Plaintiff, Kyle Baumann, by and through his counsel of record, Alan G. Molk of the Law Firm of Alan G. Molk and for his Complaint against the Defendant State Farm, states as follows:

### GENERAL ALLEGATIONS
**(Jurisdiction and Venue)**

1.      Plaintiff Kyle Baumann ("Baumann") is a natural person and of the age of majority, with a date of birth of November 11, 1988. Plaintiff Baumann is and was at all times material to the allegations in the Complaint a resident of the State of Colorado, residing at 1629 S. Deframe St., Lakewood, CO. 80228.

2.      Defendant State Farm upon information and belief, is licensed to and does business as an insurance company in the State of Colorado, issuing policies of insurance, including but not limited to automobile insurance, home insurance and umbrella policies. Upon information and belief Defendant State Farm has its principal place of business located in the State of Illinois with an address of One State Farm Plaza, Bloomington, Illinois 61710. As such, Defendant State Farm is not

**EXHIBIT A**

a resident of the State of Colorado.

3.  This case involves claims for underinsured motorist benefits involving an automobile policy of insurance issued by Defendant State Farm to the Plaintiff Kyle Baumann.  Additionally, there are claims for improper denial of an insurance claim and remedies for unreasonable denial of benefits pursuant to C.R.S. Sec. 10-3-1115 and 10-3-1116.

4.  In as much as the Plaintiff, at all times material to the allegations in the Complaint was a resident of the State of Colorado and that the Defendant State Farm is a company with its principal place of business located in the state of Illinois, venue would be proper in Boulder District Court in accord with Rule 98(c) C.R.C.P.

5.  Plaintiff is seeking damages in excess of $100,000.00 making jurisdiction proper in the District Court and not subject to Rule 16.1 C.R.C.P.

6.  The incident, which forms the basis of these claims, involves a personal injury claim that occurred on December 16th, 2021, at about 6:15 a.m.  On that date at about that time, Plaintiff Baumann was returning to his apartment after taking out the trash. The apartment complex is and was located at 1629 Deframe St., Lakewood, CO. Plaintiff, Kyle Baumann was walking in one of the parking lots of his apartment complex when he was injured.

7.  As Plaintiff, Baumann, walked within about 4-5 feet of the back of a truck parked in one of the lots, he suddenly experienced pain across the bridge of his nose. He suffered a severe laceration across the bridge of his nose due to another resident of the apartment complex leaving a metal rod sticking out from the back of his truck. The metal rod extended about 4-5 feet from the back of his truck; **see attached Exhibit 1.**

8.  As a result of the subject incident, Plaintiff suffered a severe cut to the bridge of his nose, leaving a permanent scar.

9.  The evidence in this case shows that the Defendant in the underlying case was negligent for leaving a metal pole extending out from the back of his truck more than four (4) feet; knowing or should have known that persons would be walking behind his truck within five (5) feet to the back of his truck.

10.  Plaintiff, Kyle Baumann obtained consent from Defendant State Farm to settle the underlying claim for policy limits in the amount of $50,000.00. Consent to settle with the tortfeasor's insurance carrier, Farmers Insurance, was provided by State Farm on or about December 16, 2021.

11.  The Release in the underlying case was signed by Plaintiff Baumann on May 21st, 2023.

**EXHIBIT A**

**FIRST CLAIM FOR RELIEF**
**(Underinsured Motorist Claim)**

12. Plaintiff hereby incorporates by referenced, paragraphs 1 through 11 above.

13. At the time of the subject incident, Plaintiff had an applicable policy of insurance through Defendant State Farm. The applicable policy is identified as No. 464 2771-06A. The applicable policy of insurance provided underinsured motorist coverage in the amount of $100,000.00.

14. Plaintiff Kyle Baumann' personal injury claim arising from the underlying subject incident has a reasonable value well in excess of the $50,000.00 he obtained from the tortfeasor.

15. As of the date of the filing of this Complaint, Plaintiff's insurance company, Defendant State Farm initially offered nothing but after undersigned counsel advised the State Farm adjuster, Danielle Neely, that he would be filing a Complaint, adjuster Ms. Neeley, two (2) days later offered $2,000.00.

**SECOND CLAIM FOR RELIEF**
**(Improper Denial of a Claim – C.R.S. 10-3-1115 and Remedies for Unreasonable Delays and Denial of Benefits – C.R.S. 10-3-1116)**

16. Plaintiff hereby incorporates by referenced, paragraphs 1 through 15 above.

17. Defendant State Farm is and was at all times relevant to the claim in this matter engaged in the business of selling insurance policies in the State of Colorado. As such, Defendant State Farm in accord with C.R.S. 10-3-1115 owed a duty to Plaintiff Baumann to timely and reasonably investigate evaluate and pay claims for benefits owed to Plaintiff Kyle Baumann, a first party claimant.

18. Defendant State Farm has breached their duty of care to the Plaintiff by initially denying Plaintiff's claim for underinsured motorist benefits without any reasonable basis, and then after undersigned counsel advised State Farm, he would be filing the Complaint, offered $2,000.00 in violation of C.R.S. 10-3-1115.

19. Pursuant to C.R.S. 10-3-1116, Plaintiff is entitled to reasonable attorney fees, court costs, and two times the covered benefit.

**THIRD CLAIM FOR RELIEF**
**(Breach of Contract)**

20. Plaintiff incorporates paragraphs 1 through 19, above as if fully set forth herein.

EXHIBIT A

21. As set forth above, Plaintiff entered into an agreement with Defendant State Farm, whereby if certain conditions precedent occurred, then the Defendant would compensate Plaintiff for his injuries and damages.

22. An incident occurred on December 16, 2021, involving the Plaintiff, which resulted in Plaintiff suffering, *inter alia,* physical injuries, damages and permanent scarring.

23. Plaintiff in accord with his contract of insurance with the Defendant, timely notified Defendant of the incident and his damages and physical injuries.

24. To date, the Defendant, State Farm refused to offer any monies to the Plaintiff for said loss(es). Once undersigned counsel advised the adjuster Danielle Neeley that he would be filing a Complaint in the matter, she offered Plaintiff $2,000.00.

## FOURTH CLAIM FOR RELIEF
### (Bad Faith)

25. Plaintiff incorporates by reference paragraphs 1 through 24 above as if fully set forth herein.

26. Defendant, State Farm, by conducting itself and handling the subject claim in the manner set forth herein, has engaged in the following:

   a. failing to acknowledge and act reasonably and promptly upon communications with respect to claims arising under insurance policies.
   b. refusing to pay claims without conducting a reasonable investigation based upon all available information.
   c. failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or the applicable law for a denial of a claim or for the offer of a compromise settlement.

27. Defendant, State Farm, by refusing to fairly compensate the Plaintiff, has breached its duty of good faith and fair dealing which it owes to the Plaintiff under the subject contract of insurance.

28. Defendant, State Farm, by its conduct in this matter to initially denying payment of the insurance benefits and then within days of being told the Complaint would be filed, offering $2,000.00 (a) without a reasonable basis for its denial and disingenuous offer of $2,000.00; (b) failing to conduct a reasonable investigation based upon all available information and (c) with knowledge of or reckless disregard for the fact that no such reasonable basis exists.

EXHIBIT A

**WHEREFORE**, Plaintiff Baumann prays that judgment be entered in his favor and against the Defendant State Farm in an amount to be determined at trial and for his costs, expert witness fees, deposition expenses, attorney fees, pre-judgment, and post-judgment interest as provided by law, and for such other and further relief as this Court deems proper and just.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES.**

Dated this 25th day of August.

LAW FIRM OF ALAN G. MOLK

By: s/ Alan G. Molk
Alan G. Molk, #10988
*Duly signed original in office of Alan Molk*

Address of Plaintiff:
1629 S. Deframe Street
Lakewood, CO. 80228.

**EXHIBIT A**

EXHIBIT 1



**EXHIBIT A**